IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARTHUR LEE DULANEY,<br><br>                     Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY SHERIFF'S DEP'T et al.,<br><br>                     Defendants. | **MEMORANDUM DECISION & ORDER REOPENING CASE AND ORDERING AMENDMENT OF DEFICIENT COMPLAINT**<br><br>Case No. 2:18-CV-544-TS<br><br>District Judge Ted Stewart |

      For Plaintiff's failure to file a consent form regarding collection of his filing fee, this prisoner *pro se* civil-rights suit, *see* 42 U.S.C.S. § 1983 (2019),[1] was dismissed without prejudice, (Doc. No. 21). Having recently found the consent that Plaintiff submitted before dismissal, the Court now vacates its dismissal order and reopens the case.

      Further, under its statutory review function,[2] the Court screens the Complaint, (Doc. No. 5), and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:

## Complaint's Deficiencies

Complaint:

(a) states claims in violation of municipal-liability doctrine (see below).

(b) improperly names Salt Lake County Sheriff's Department as defendant, though it is not an independent legal entity that can sue or be sued.

(c) suggests claims that have not been affirmatively linked to any alleged defendant (e.g., excessive force, negligence, and legal access).

(d) appears to inappropriately allege civil-rights violations on respondeat-superior theory.

(e) does not state proper legal-access claim (see below).

(f) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2019), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(g) appears to contain claims potentially based on state law--e.g., negligence--though there are no valid federal claims in the Complaint providing grounds for pendent jurisdiction.

(h) evinces misunderstanding of elements of inmate excessive-force claim (see below).

(i) has claims apparently regarding confinement; however, complaint apparently not drafted with contract attorneys' help.

---

(a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2019).

**Instructions to Plaintiff**

Federal Rule of Civil Procedure 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

*Pro se* litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint:

First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is

essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability*)*.

Fourth, grievance denial alone, "without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

• **Municipal Liability**

To establish liability of municipal entities, such as Salt Lake County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Municipal entities may not be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Salt Lake County. Thus, the Court concludes that Plaintiff's complaint, as it stands, appears to fail to state claims against Salt Lake County**.**

4

### • Legal Access

The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions the amended complaint, Plaintiff should keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

### • Excessive Force Cause of Action

Plaintiff should also keep this in mind: "The core inquiry for an Eighth Amendment excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1152 (10th Cir. 2006) (internal quotation marks omitted). "The Tenth Circuit has articulated two 'prongs' that a plaintiff must show to prevail on [an Eighth Amendment excessive force] claim: (1) that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) that the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted).

## ORDER

**IT IS HEREBY ORDERED:**

(1) The Court **VACATES** its dismissal order, (Doc. No. 21), and **REOPENS** this case.

(2) Plaintiff must within thirty days cure his Complaint's deficiencies, as noted above.

(3) The Clerk's Office shall mail Plaintiff a copy of the *Pro Se* Litigant Guide.

(4) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(5) Plaintiff's motion for discovery is **DENIED**, (Doc. No. 24); there is no valid complaint on file as of this Order. And no further motions of this nature are necessary as the Court will direct discovery on its own should it deem discovery warranted as the case progresses.

DATED this 20th day of May, 2019.

BY THE COURT:

TED STEWART
United States District Judge