THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ARTHUR DULANEY,<br><br>                      Plaintiff,<br><br>v.<br><br>DEPUTY N. BAKER ET AL.,<br><br>                      Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:18-CV-544 TS<br><br>District Judge Ted Stewart |

Plaintiff, Arthur Dulaney, is a *pro se* prisoner proceeding *in forma pauperis*. (ECF No. 4.) In his verified second amended civil-rights complaint, he requests damages and costs. (ECF No. 35.)

## I. BACKGROUND

Plaintiff names as defendants Salt Lake County deputies N. Baker and M. Gallaway. (*Id.* at 1.) He contends Defendants violated his federal right against cruel and unusual punishment. U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Specifically, he asserts one of these defendants "snatch[ed him] out of [a] holding tank, by [his] arm that was in an armbrace at the time, and dragged [him] . . . down stairs," hurting his shoulder. (ECF No. 35, at 3-4.)[1]

---

[1] He further alleges the officer who snatched his arm also "refused [him] court," so "because of one officer's negligence [he] had to stay in jail for 4 more weeks when [he] would have been release[d] that day." (ECF No. 35, at 3.) About this allegation, Defendants note, "Although there are several components to his allegations, it appears the only claim he attempts to assert is that the Sheriff's Deputies used excessive force against him . . . . [Plaintiff] does not identify any other cause of action, nor does he identify any constitutional right that was allegedly violated." (ECF No. 42, at 2.) Thus, Defendants did not further discuss Plaintiff's assertion that he missed his hearing. And in

Asserting failure to state a claim upon which relief may be granted and qualified immunity, Defendants move for dismissal. (ECF No. 42, at 6 (setting forth qualified-immunity standards and plaintiff's burden).) Plaintiff filed "Opposition and Response to Defendants' Motion to Dismiss."[2] (ECF No. 43.) The dismissal motion is granted.

## II. ANALYSIS

### A. Standard for Sufficiency of Complaint

When deciding if a complaint[3] states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other

---

his opposition to Defendants' Motion to Dismiss, Plaintiff has not refuted that characterization of his Second Amended Complaint. Plaintiff's alleged additional four weeks in jail are thus not considered here.

[2] In his opposition, Plaintiff suggests for the first time a claim of unnecessary rigor under the Utah Constitution. (ECF No. 43, at 2.) However, that claim is not stated in his Second Amended Complaint, (ECF No. 35), and so is not reviewed further.

[3] The Court takes note that it is the facts stated in the *complaint* that are analyzed for failure to state a claim, not facts newly stated in the response to the motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (stating motion-to-dismiss purpose is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true").

words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

When the complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is

proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"[4] *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## B. Qualified-Immunity Discussion

Plaintiff asserts Defendant Baker or Gallaway subjected him to cruel and unusual punishment by using excessive force. In his Second Amended Complaint, these are the specific facts alleged (viewed in a light most favorable to Plaintiff): On April 17, 2015, when Plaintiff was transported (while in full restraints) from jail to court, he was placed in a "holding cell." (ECF No. 35, at 3.) There, one of the defendants "snatch[ed him] . . . by [his] arm that was in an armbrace at the time and dragged [him] all the way back down stairs." (*Id*.) The defendant's act caused his shoulder to "not heal right." (*Id*. at 3-4.)

In their motion to dismiss, Defendants assert the defense of qualified immunity. Qualified immunity means that an official must have fair notice of the law before being subject to suit for damages for violating it. *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002). Two important interests are balanced by qualified immunity--"the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Questions of qualified immunity should be resolved at the soonest feasible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). Plaintiffs confronting qualified-

---

[4] Here, Plaintiff has had three attempts at filing an adequate complaint--twice with thorough Court guidance on how to cure the deficiencies in his first two complaints. (ECF Nos. 25, 32.) The Court thus concludes further opportunity to amend would be futile.

immunity challenges do not face a higher-than-normal pleading requirement. *Currier v. Doran*, 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the qualified-immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Hence, to endure a Rule 12(b)(6) motion to dismiss, implicating a qualified-immunity defense, plaintiffs "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008). To be clear, when the qualified-immunity defense is raised, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

The Court exercises its discretion to start with Plaintiff's failure to carry his burden of showing that his rights were "clearly established at the time of the defendant's conduct." *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020).

> "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Wesby*,

> 138 S. Ct. at 589. "The dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'" *Mullenix*, 577 U.S. at 12 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Accordingly, the Supreme Court has repeatedly admonished circuit courts "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). Though "a case directly on point" is not required, "existing precedent must have placed the constitutional question regarding the illegality of the defendant's conduct beyond debate." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied sub nom. Cummings v. Bussey*, 140 S. Ct. 81 (2019).
>
> > "Ordinarily . . . there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other [circuits] must have found the law to be as the plaintiff maintains." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (internal quotation marks omitted).
> > . . . .
> > . . . [W]e decline to consider district court opinions in evaluating the legal landscape for purposes of qualified immunity.

*Ullery*, 949 F.3d at 1291, 1300 (other citations omitted); *see also Watson*, 75 F.3d at 577 (stating that the burden is "quite heavy" because "plaintiff must do more than simply allege the violation of a general legal precept [and] . . . must 'instead demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited'") (ellipses in original) (quoting *Jantz*, 976 F.2d at 627 (quoting *Harlow*, 457 U.S. at 818)). And yet a district-court case from a different circuit is the only case cited by Plaintiff in trying to carry his burden of showing clearly established federal law existed that should have alerted whichever defendant snatched his arm that the defendant was violating Plaintiff's constitutional rights. *See Gatewood v. Lancaster Cnty.*, No. 5:18-CV-1059-HSP (E.D. Pa. Sept. 10, 2019) (date of settlement).

6

The qualified immunity analysis "may appear unduly formalistic . . . . But this is the task required of [courts] under the qualified-immunity precedents [courts] are obligated to follow." *Ullery*, 949 F.3d at 1301.

Having thoroughly reviewed Plaintiff's filings after the motion to dismiss, (ECF No. 43-2.), the Court concludes that Plaintiff has not met his burden to show his "right was clearly established at the time of the defendant's conduct." *Ullery*, 949 F.3d at 1289. "[I]f the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016). Plaintiff's cruel-and-unusual-punishment claim is thus dismissed.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

**(1)** Plaintiff's cruel-and-unusual-punishment claim is **DISMISSED** on the basis of qualified immunity.

**(2)** Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 42.)

**(3)** With no controversy remaining in this Court, this action is **CLOSED.**

DATED this 28th day of March, 2022.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court